The Honorable Karin Brownlee State Senator, 23rd District State Capitol, Room 136-N Topeka, Kansas 66612
Dear Senator Brownlee:
You request our opinion regarding whether monies raised through bonds issued pursuant to K.S.A. 12-1770 et seq. may be used to pay costs of constructing a building or structure only when the building or structure is to be owned by or leased to a developer and includes an auto race track facility or some or all of the land and buildings comprising a state mental institution that was closed pursuant to state law.
The legislatively stated purpose for enactment of the Tax Increment Finance Act (TIF)[1] is to "promote, stimulate and develop the general and economic welfare of the state of Kansas and its communities and to assist in the development and redevelopment of eligible areas within and without a city thereby promoting the general welfare of the citizens of this state. . . ."[2] The redevelopment is pursued by a city through a two-step process, with the first step being establishment of a redevelopment district within an eligible area.[3] Once the redevelopment district has been established, the city's governing body may adopt an ordinance that sets forth the redevelopment district plan.[4] The "`[r]edevelopment district plan' or `district plan' [is] the preliminary plan that identifies all of the proposed redevelopment project areas and identifies in a general manner all of the buildings, facilities and improvements in each that are proposed to be constructed or improved in each redevelopment project area."[5]
A city is authorized "to issue special obligation bonds in one or more series to finance the undertaking of any redevelopment project. . . ."[6]
The proceeds of the special obligation bonds may be used to pay redevelopment project costs.[7] "`Redevelopment project costs' means those costs necessary to implement a redevelopment plan, including, but not limited to costs incurred for:
 "(1) Acquisition of property within the redevelopment project area;
"(2) payment of relocation assistance;
"(3) site preparation including utility relocations;
"(4) sanitary and storm sewers and lift stations;
 "(5) drainage conduits, channels, levees and river walk canal facilities;
 "(6) street grading, paving, graveling, macadamizing, curbing, guttering and surfacing;
"(7) street light fixtures, connection and facilities;
 "(8) underground gas, water, heating and electrical services and connections located within the public right-of-way;
"(9) sidewalks and pedestrian underpasses or overpasses;
 "(10) drives and driveway approaches located within the public right-of-way;
"(11) water mains and extensions;
"(12) plazas and arcades;
"(13) parking facilities;
 "(14) landscaping and plantings, fountains, shelters, benches, sculptures, lighting, decorations and similar amenities; and
 "(15) all related expenses to redevelop and finance the redevelopment project.
 "Redevelopment project costs shall not include costs incurred in connection with the construction of buildings or other structures to be owned by or leased to a developer, however, the `redevelopment project costs' shall include costs incurred in connection with the construction of buildings or other structures to be owned or leased to a developer which includes an auto race track facility or is in a redevelopment district including some or all of the land and buildings comprising a state mental institution closed pursuant to section 2 of chapter 219 of the 1995 Session Laws of Kansas."[8]
The rules for statutory construction are followed when determining whether costs incurred in connection with the construction of a building or other structure that is to be owned by or leased to a party other than a developer may be paid from monies that are raised through TIF bonds.
"The interpretation of a statute is a question of law subject to unlimited review. The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. However, where the intent is not clearly expressed, courts are not limited to consideration of the language employed but may properly look into the historical background of the enactment, the circumstances attending its passage, the purposes to be accomplished, and the effect the statute may have under various suggested constructions."[9]
"Further, there is a presumption that the legislature does not intend to enact useless or meaningless legislation."[10]
It is not necessary to review the historical background of the enactment of K.S.A. 2003 Supp. 12-1770a to determine whether monies raised through bonds issued pursuant to K.S.A. 12-1770 et seq. may be used to pay the costs of constructing a building or structure that is included in a redevelopment district plan. The first portion of the provision states that "[r]edevelopment project costs shall not include costs incurred in connection with the construction of buildings or other structures to be owned by or leased to a developer. . . ."[11] The provision clearly precludes using STAR bond monies to pay costs of constructing a building or structure that is to be owned by or leased to a developer. Ownership or lease holding by any other parties is not subject to the prohibition. To interpret this portion of the provision in any other manner results in either reading into the statute terms that are not expressed by the Legislature or deeming the provision as useless and ignoring a clear expression of the Legislature. Such results are to be avoided when interpreting state statutes. Therefore, under this first portion of the provision, monies raised by issuing STAR bonds may be used to pay the costs of constructing a building or structure that is included in a redevelopment district plan, provided the building or structure is not to be owned by or leased to a developer.
The remaining portion of the provision adds a qualifier to the exclusion:
 "`[R]edevelopment project costs' shall include costs incurred in connection with the construction of buildings or other structures to be owned [by] or leased to a developer which includes an auto race track facility or is in a redevelopment district including some or all of the land and buildings comprising a state mental institution closed pursuant to section 2 of chapter 219 of the 1995 Session Laws of Kansas."[12]
This portion of the provision is clearly intended to expand those instances in which STAR bond monies may be used to pay for constructing a building or structure that is included in a redevelopment district plan. If the building or structure to be owned by or leased to a developer includes an auto race track facility or is in a redevelopment district that includes some or all of the land and buildings formerly comprising a state mental facility that was closed pursuant to state law, the costs of constructing the building or structure are deemed to be redevelopment project costs. As such, the costs may be paid by STAR bonds even though the building or structure is to be owned by or leased to a developer.
In review, monies raised through STAR bonds may be used to pay the costs of constructing a building or structure that is included in a redevelopment district plan, provided the building or structure is not to be either owned by or leased to a developer. However, if the building or structure includes an auto race track facility or is in a redevelopment district that includes some or all of the land and buildings formerly comprising a state mental facility that was closed pursuant to state law, the costs of constructing the building or structure are deemed to be redevelopment project costs and, as such, may be paid by STAR bonds even though the building or structure is to be owned by or leased to a developer.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] K.S.A. 12-1770 et seq.
[2] K.S.A. 12-1770.
[3] K.S.A. 12-1771.
[4] K.S.A. 12-1771(b); 12-1772.
[5] K.S.A. 2003 Supp. 12-1770a(s). See also K.S.A. 12-1771(b).
[6] K.S.A. 2003 Supp. 12-1774(a)(1). See also K.S.A. 12-1770; K.S.A. 2003 Supp. 12-1774(a)(3).
[7] K.S.A. 12-1773(b).
[8] K.S.A. 2003 Supp. 12-1770a(q) (emphasis added).
[9] O'Donoghue v. Kansas Farm Bureau Mut. Ins. Co., Inc., 275 Kan. 430,432-33 (2003) (internal citations omitted).
[10] In re City of Wichita, 274 Kan. 915, Syl. ¶ 5 (2002).
[11] K.S.A. 2003 Supp. 12-1770a(q)(15) (emphasis added).
[12] Id.